UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIO SPATARO,

                                    Plaintiff,              **REPORT AND
                                                           RECOMMENDATION**

        -against-                                          10 CV 4792 (DLI)

GLENWOOD SUPPLY,

                                    Defendant.
-----------------------------------------------------------X

        On October 14, 2010, plaintiff Mario Spataro, proceeding pro se, commenced this action

against his former employer, Glenwood Mason Supply Co. ("Glenwood"), alleging employment

discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§§ 621 et seq.  By Notice of Motion dated December 22, 2010, defendant Glenwood moved to

dismiss the Complaint for failure to state a claim under the ADEA, pursuant to Fed. R. Civ. P.

12(b)(6), and to dismiss all claims against Glenwood because plaintiff was never employed by

Glenwood.

        Following the filing of the defendant's Motion to Dismiss, the Court issued an Order

dated  April 26, 2011, directing plaintiff to respond to the Motion by May 27, 2011 and

indicating that a failure to respond would result in the Court considering the Motion as

unopposed.[1]  When plaintiff failed to file a response, the Court scheduled a hearing for June 28,

2011, to ascertain whether the pro se plaintiff understood the Court's Order to respond to the

Motion to Dismiss, and whether he wished to continue with the litigation.

_____

        [1]In the same Order, the Court denied plaintiff's Motion for appointment of *pro bono*
counsel without prejudice.

                                            1

At the request of defendant, the hearing was subsequently adjourned to July 8, 2011, at which time plaintiff appeared with his wife. Counsel explained the nature of the Motion and indicated that the Motion was based in part on plaintiff's failure to allege any facts in his Complaint suggesting a basis for claims of age discrimination.[2] Plaintiff, who speaks Italian, with a limited understanding of English, indicated through a Court-provided interpreter that he wanted additional time to respond to defendant's arguments, explaining that he had not understood the Court's previous Order. Accordingly, plaintiff was given until August 12, 2011 to respond to the Motion.[3] Defendant was given until August 26, 2011 to file a reply.

On July 25, 2011, plaintiff filed a letter response to defendant's Motion to Dismiss. Defendant filed a reply to this letter on August 8, 2011. Plaintiff filed a letter response to defendant's reply on August 29, 2011.

For the reasons set forth below, the Court respectfully recommends that plaintiff's claims be dismissed.

## FACTUAL BACKGROUND

Plaintiff alleges that beginning in 1996, he was employed by Glenwood as a truck driver. (Compl.[4] at 26; but see Compl. at 6).[5] He alleges that in June of 2000,[6] he was appointed to act

---

[2]Counsel also addressed the plaintiff's inability to bring claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. because plaintiff had resolved those claims in settling a grievance through his union. (See discussion infra at 4-5).

[3]By Order dated June 2, 2011, the district court referred the Motion to the undersigned to prepare a Report and Recommendation.

[4]Citations to "Compl." refer to plaintiff's pro se Complaint and the various attachments filed on October 14, 2010. Included among these attachments and cited herein is the

2

as shop steward for Local 282, the union representing the company's truck drivers. (Id. at 26). Mr. Spataro alleges that when he complained to the union regarding certain company practices – namely, employees working for cash while collecting unemployment benefits – and the union won at an arbitration, Ms. Cincotta began treating Mr. Spataro "unfairly." (Id.) He claims that Ms. Cincotta gave him the "oldest trucks" to drive, made plaintiff "unload the trucks by hand," and threatened to make his life "miserable." (Id.) On one occasion, when plaintiff refused to drive an old truck, an argument ensued with Ms. Cincotta, and he suffered an anxiety attack, requiring him to seek emergency medical assistance. (Id.) He claims that she offered him money to leave the job, but he refused. (Id.) He was then fired. (Id.)

Plaintiff claims that not only did he suffer discrimination as a result of his union activities, but he was denied unemployment benefits because Ms. Cincotta represented that he "was a aggresible [sic] person," which he contends "is a lie." (Id.) He was allegedly further subjected to discrimination when he was forced to use Local 282's Italian interpreter. He claims that during the arbitration, he was initially allowed to have his wife translate for him, but then Local 282 brought a translator and his wife was not permitted to stay. (Id.)

_____

Determination and Order After Investigation of the New York State Division of Human Rights in Mario Spataro v. Ferguson Hauling Corp., No. 10130026, rendered July 26, 2010.

[5]In his complaint filed with the New York State Division of Human Rights, Mr. Spataro brought claims against Ferguson Hauling Corp. ("Ferguson"), alleging that he was employed by Ferguson as a driver. (See Compl. at 6). In the current action, plaintiff has named "Glenwood Supply" as his employer – a claim that Glenwood disputes, contending that plaintiff actually worked for Ferguson. (See Affidavit of Constance Cincotta in Support of Defendant's Motion to Dismiss the Complaint, dated December 22, 2010 ("Cincotta Aff.") ¶¶ 7, 10-11).

[6]Although plaintiff does not allege a specific date on which he assumed the position of shop steward for the union, Constance Cincotta, owner of Glenwood and Ferguson, lists the date of June 29, 2000 as the date Mr. Spataro became a union shop steward. (Cincotta Aff. ¶ 8).

3

On December 2, 2008, Mr. Spataro filed a complaint with the N.Y.S. Division of Human Rights (the "Division"), which conducted an investigation and made a finding that there was no probable cause to believe that Ferguson had engaged in unlawful discrimination or disparate treatment based on age. (Id. at 6). The Division found that although Mr. Spataro complained that he was "the oldest truck driver" with Ferguson, the investigation revealed that the company not only employed seven drivers older than plaintiff, but also that three others were born within a year of plaintiff, together representing approximately half of the truck drivers employed by Ferguson. (Id. at 7). Thus, the evidence did not support plaintiff's claim of disparate treatment based on age. (Id.)

The agency further found that the company had provided non-discriminatory reasons for plaintiff's termination – namely, that plaintiff had a "significant documented history of insubordination and misconduct with Respondent employer." (Id. at 6). Despite documentation of disagreements between plaintiff and his employer, there was no evidence that plaintiff had ever reported "his perceptions of age discrimination to anyone." (Id. at 7).

Finally, the agency noted that on August 15, 2008, plaintiff had entered into a Stipulation of Settlement, following the conclusion of the arbitration proceeding filed by Local 282 on plaintiff's behalf. (Id.) According to Ms. Cincotta, plaintiff was not only represented by Local 282's lawyer during the arbitration, but the proceeding was presided over by an independent arbitrator who oversaw the Stipulation. (Cincotta Aff. ¶¶ 16-17). Pursuant to that Stipulation, plaintiff released Ferguson from all claims, including claims of discrimination, in return for a payment of $38,000. (Id. ¶ 14; see also id., Ex. E). Although plaintiff was represented by union

4

counsel during the arbitration (Compl. at 7), plaintiff claims that "I was against the amount but do [sic] to the fact I don't understand English I agreed to the amount without full knowledge of the conversation." (Pl.'s 7/25/11 Letter).  Plaintiff further claims that to date, he still has not cashed the check.  (Id.)

Defendant has submitted a copy of the Stipulation of Settlement, dated August 15, 2008, which is signed by Michael O'Toole on behalf of Local 282, by Constance Cincotta on behalf of Ferguson, and by plaintiff. (Cincotta Aff., Ex. E).  In exchange for the payment of $38,000, Mr. Spataro agreed, among other things, that "Mario Spataro was employed by Ferguson Hauling Corporation."  (Id.)

On December 21, 2010, defendant moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and to dismiss Glenwood as an improper party to this action.

DISCUSSION

A. <u>Legal Standard: Motion to Dismiss For Failure to State a Claim</u>

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff has failed to adequately allege specific facts necessary to state a plausible claim of discrimination. (Def.'s Mem.[7] at 4 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007))).

---

[7]Citations to "Def.'s Mem." refer to defendant's Memorandum of Law in Support of the Defendant's Motion to Dismiss the Complaint, filed on December 22, 2010.

When deciding a motion to dismiss a complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Second Circuit has stated that a court must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993); see also Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir. 2007). In addition, the court must give plaintiff's claims "a liberal construction." Johnson v. New York City Transit Auth., 639 F. Supp. 887, 891 (E.D.N.Y. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)), aff'd in part and vacated in part on other grounds, 823 F.2d 31 (2d Cir. 1987). However, the court is not required to accept the truth of legal conclusions couched as factual allegations. See Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal, the Supreme Court clarified the pleading standards under which courts are to evaluate a motion to dismiss, "arguably shift[ing] pleading standards from 'simple notice pleading' to a 'more heightened form of pleading.'" Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 214 (S.D.N.Y. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

Now, when deciding a Rule 12(b)(6) motion to dismiss, the court should consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. at 1940 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. at 1949; see also Hayden v. Paterson, 594

F.3d 150, 160-61 (2d Cir. 2010). Under this heightened pleading standard, labels, conclusions,

and mere recitation of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 129 S.

Ct. at 1950; see also Bell Atl. Corp. v. Twombly, 550 U.S. at 545. Instead, a plaintiff must

provide enough factual support that, if true, would "raise a right to relief above the speculative

level." Bell Atl. Corp. v. Twombly, 550 U.S. at 555. However, "plausibility" does not rise to the

level of probability but requires "'more than a sheer possibility that a defendant has acted

unlawfully.'" Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d at 215 (quoting

Ashcroft v. Iqbal, 129 S. Ct. at 1949). "The issue is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes,

416 U.S. 232, 236 (1974); see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d

Cir. 1995), cert. denied, 519 U.S. 808 (1996). Ultimately, when the well-pleaded facts allow no

more than an inference of a "mere possibility of misconduct" and plaintiff has only alleged,

rather than shown, an entitlement to relief, the federal pleading standard of Rule 8(a)(2) has not

been satisfied. Ashcroft v. Iqbal, 129 S. Ct. at 1950.

 Since the decisions in Iqbal and Twombly, courts and litigants have struggled with the

application of the "plausibility" standard in the context of discrimination claims. Some courts

have held that Iqbal and Twombly apply in analyzing employment claims, see, e.g., Meyer v.

William Floyd School District, No. 07 CV 2524, 2009 WL 3327208, at *2 (E.D.N.Y. Sept. 30,

2009); Reyes v. City of N.Y., No. 06 CV 3639, 2007 WL 2186961, at *5 (S.D.N.Y. July 26,

2007), while others have held that "liberal notice pleading requirements are allowed in

7

employment discrimination cases," such as this one. Amar v. Hillcrest Jewish Ctr., No. 05 CV

03290, 2009 WL 891795, at *6 (E.D.N.Y. Mar. 31, 2009).

In Swierkiewicz v. Sorema N.A., which preceded Iqbal and Twombly, the Supreme Court

explicitly rejected a heightened pleading standard for discrimination claims.  534 U.S. 506, 512,

514 (2002).  As the court in Barbosa v. Continuum Health Partners, Inc., explained:

> The Court held that an employment discrimination complaint need
> not allege specific facts establishing a prima facie case of
> discrimination.  Rather, "the ordinary [pre-Twombly] rules
> for assessing the sufficiency of a complaint apply."
> The Twombly court held that Swierkiewicz remains good law.

716 F. Supp. 2d at 215 (citing Swierkiewicz v. Sorema N.A., 534 U.S. at 508 and Bell Atl. Corp.

v. Twombly, 550 U.S. at 569-70).  The Court in Twombly noted that "Swierkiewicz . . . simply

reemphasized . . . that . . . a heightened pleading standard for Title VII cases was contrary to the

Federal Rule[s]."  Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d at 215 n.40

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 569-70).

In Fowler v. Scores Holding Company, Inc., the court attempted to reconcile the

plausibility standard with the liberal pleading standards afforded discrimination claims, stating as

follows:

> "The Iqbal plausibility standard applies in conjunction with
> employment discrimination pleading standards."  Employment
> discrimination claims need not contain specific facts establishing a
> prima facie case of discrimination.  Rather, an employment
> discrimination complaint "must include only a short and plain
> statement of the claim . . . [that] give[s] the defendant fair notice of
> what the plaintiff's claim is and the grounds upon which it rests."

677 F. Supp. 2d 673, 679 (S.D.N.Y. 2009) (quoting Gillman v. Inner City Broad. Corp., No. 08

CV 8909, 2009 WL 3003244, at *3 (S.D.N.Y. Sept. 18, 2009) and Swierkiewicz v. Sorema N.A.,

534 U.S. at 506, 514).  The court further explained that "[t]his analysis does not run counter to

8

Swierkiewicz . . . . Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Fowler v. Scores Holding Co., Inc., 677 F. Supp. 2d at 679 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 547).

Therefore, in an employment discrimination case, the plaintiff is not required to set forth specific facts that establish each and every element of a prima facie case of discrimination under the framework set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). See Bell Atl. Corp. v. Twombly, 550 U.S. at 569 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. at 508; citing Fed. R. Civ. P. 8(a)(2)). The complaint should contain "only enough facts" to state a plausible claim that also gives fair notice to the defendant of the basis for each claim. See Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d at 215, 218 (holding that in "[r]econciling Swierkiewicz, Twombly, and Iqbal, a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, 'the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim'" (quoting Fowler v. Scores Holding Co., Inc., 677 F. Supp. 2d at 679) (stating "an employment discrimination complaint 'must include only a short and plain statement of the claim' . . . [and] 'enough facts to state a claim to relief that is plausible on its face'") (citations omitted))).

Although a pro se litigant's pleadings are subject to the same rules, pro se complaints "'are held to less stringent standards than formal pleadings drafted by lawyers.'" Oyekoya v. United States, 108 F. Supp. 2d 315, 317 (S.D.N.Y. 2000) (quoting Santiago v. Meinsen, 89 F. Supp. 2d 435, 438 (S.D.N.Y. 2000)). Thus, in analyzing plaintiff's Complaint, the Court is mindful that "'when [a] plaintiff proceeds pro se . . . a court is obliged to construe his pleadings

9

liberally.'" <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008) (quoting

<u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004)).  Construing pleadings liberally

"entails, at the very least, a permissive application of the rules governing the form of pleadings."

<u>Id.</u>  Courts must also interpret these pleadings "to raise the strongest arguments that they

suggest." <u>Brownell v. Krom</u>, 446 F.3d 305, 310 (2d Cir. 2006) (citations omitted).  "This is

particularly so when the <u>pro se</u> plaintiff alleges that her civil rights have been violated." <u>Sealed

Plaintiff v. Sealed Defendant</u>, 537 F.3d at 191.

    Moreover, in considering the adequacy of plaintiff's pleading, the court is limited to "the

facts stated in the complaint, documents attached to the complaint as exhibits and documents

incorporated by reference in the complaint." <u>Hayden v. County of Nassau</u>, 180 F.3d 42, 54 (2d

Cir. 1999).  The "Court may look to facts set forth in a <u>pro se</u> plaintiff's opposition papers as part

of the pleadings." <u>Amofa v. Bronx-Lebanon Hosp. Cntr.</u>, No. 05 CV 9230, 2006 WL 3316278,

at *2 (S.D.N.Y. Nov. 13, 2006).

## B. <u>Plaintiff's ADEA Discrimination Claim</u>

### 1) <u>Legal Standard</u>

    The ADEA prohibits an employer from refusing to hire, discharging, or otherwise

discriminating against an employee based on age. 29 U.S.C. § 623(a)(1); <u>see</u> <u>also</u> <u>Boyle v.

McCann-Erickson, Inc.</u>, 949 F. Supp. 1095, 1099 (S.D.N.Y. 1997).  Under the ADEA, an

employee has the burden of showing that age was either a "significant contributing factor" in the

employer's decision, <u>Lowe v. Commack Union Free School District</u>, 886 F.2d 1364, 1375-76 (2d

10

Cir. 1989), cert. denied, 494 U.S. 1026 (1990), or that it was "a determinative factor considered

by the employer" in making an adverse employment decision.  Boyle v. McCann-Erickson, Inc.,

949 F. Supp. at 1099 (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993)).

 In analyzing a claim of age discrimination under the ADEA,[8] courts employ the burden-

shifting analysis set forth in McDonnell Douglas Corporation v. Green, 411 U.S. at 802-803, and

its progeny.  See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 91 (2d Cir. 2001), cert.

denied, 534 U.S. 951 (2001).  Thus, the plaintiff in a suit brought under the ADEA bears the

initial burden of proving a prima facie case of discrimination by a preponderance of the evidence.

See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) (citing Texas Dep't of Cmty.

Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)); Slattery v. Swiss Reinsurance America Corp.,

248 F.3d at 94.  Once a plaintiff has established a prima facie case of race or age discrimination,

the burden then shifts to the employer to establish a non-discriminatory reason for the

employment decision.  See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 252-53.  The

final burden is then placed back on the plaintiff to prove that the defendant's proffered reason

was pretextual and that defendant discriminated against the plaintiff.  Id. at 253; Slattery v. Swiss

Reinsurance America Corp., 248 F.3d at 95; see also Reeves v. Sanderson Plumbing Prods., Inc.,

530 U.S. 133, 143 (2000).

 Generally, to establish a prima facie case of age discrimination, a plaintiff must show that

---

[8]The Court notes that the McDonnell Douglas burden shifting analysis and the elements
generally required to allege a claim under the ADEA also apply to plaintiff's other discrimination
claim under the NYHRL, which is addressed later in this opinion.  See Barbosa v. Continuum
Health Partners, Inc., 716 F. Supp. 2d at 217 (noting that "Section 1981, the NYSHRL, and the
NYCHRL are generally analyzed under the same evidentiary framework that applies to Title VII
and ADEA claims").

he (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) that the action was taken under circumstances giving rise to an inference of discrimination based on membership in the protected class. Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d at 217; see also Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000), cert. denied, 530 U.S. 1261 (2000); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994); accord McDonnell Douglas Corp. v. Green, 411 U.S. at 802 (explaining that a prima facie case is made out under Title VII "by showing (i) that [plaintiff] belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications"). Courts analyze "ADEA claims within the same framework as Title VII," Guerra v. Jones, No. 08 CV 0028, 2010 WL 986403, at *7 (N.D.N.Y. Mar. 17, 2010) (citations omitted), with the only difference being that the protected group is based on age as opposed to race. See McDonnell Douglas Corp. v. Green, 411 U.S. at 802.

The requirements for establishing such a prima facie case, however, are "minimal," St. Mary's Honor Ctr. v. Hicks, 509 U.S. at 506; accord Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998), and courts in this circuit have held that "the Supreme Court intended the lower courts to be flexible in determining what prima facie elements should be utilized." Cifra v. Gen. Elec. Co., 62 F. Supp. 2d 740, 743 n.2 (N.D.N.Y. 1999), aff'd in part and vacated in part on different grounds, 252 F.3d 205 (2d Cir. 2001). Again, as explained above, "to survive a motion

12

to dismiss, a plaintiff need not allege specific facts establishing a prima facie case of discrimination. A complaint is sufficient if it states a facially plausible claim and gives fair notice to defendants of the basis for the claim." Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d at 218 (citing Fowler v. Scores Holding Co., Inc., 677 F. Supp. 2d at 678-79).

2) Analysis

Defendant Glenwood argues that the conclusory allegations in plaintiff's pro se Complaint are not sufficient to allege a plausible claim of age discrimination under the ADEA. (Def.'s Mem. at 7 (citing Mathon v. Feldstein, 303 F. Supp. 2d 317, 325-26 (E.D.N.Y. 2004) (granting motion to dismiss discrimination claim based on conclusory allegations); Valle v. Bally Total Fitness, No. 01 CV 11614, 2003 WL 22244552 (S.D.N.Y. Sept. 30, 2003) (dismissing complaint where there were no factual allegations supporting claims of employment discrimination))).

It is well established that even in discrimination claims, "a complaint consisting of only bald assertions and setting forth no facts upon which a court could find a violation fails to state a claim under Rule 12(b)(6)." Valle v. YMCA of Greater N.Y., No. 05 CV 5318, 2006 WL 2571946, at *6 (S.D.N.Y. July 6, 2006) (dismissing pro se plaintiff's Title VII and ADEA claims, noting that although the plaintiff alleged that he was replaced with a "younger work force" so that defendant could attract younger members, he "offers no facts to support this assertion" of age discrimination and he "pleads no facts whatsoever in relation to his claims of discrimination . . . under Title VII"). Courts in this Circuit have made it clear that even where

13

the pro se plaintiff's claims are viewed in the most favorable light and the pro se plaintiff's status

is considered, there must still be specific factual allegations of discrimination sufficient to satisfy

the "minimum pleading standards of Fed. R. Civ. P. 8." Perry v. SONY Music, 462 F. Supp. 2d

518, 520 (S.D.N.Y. 2006); Amofa v. Bronx-Lebanon Hosp. Cntr., 2006 WL 3316278, at *1, 3

(finding that where plaintiff "never explicitly alleges that he was denied the bonus because of his

race, color or national origin," the pleadings do not give defendant fair notice of the basis for the

claims).

    A review of plaintiff's pro se form Complaint reveals that while plaintiff checked the box

on the form indicating that the action was brought for employment discrimination based on age,

the typed letter from plaintiff dated September 29, 2010, containing a description of the events

underlying the Complaint, fails to mention age at all. Instead, the letter focuses on plaintiff's role

as a union shop steward and describes his employer's conduct toward him, which he claims

"started to change . . . when Miss Cincotta promoted me to be a shopstuart [sic]." (Compl. at

26). The letter ties the alleged discrimination and/or retaliation, which consisted of, among other

things, assigning plaintiff to the "oldest trucks," to plaintiff's actions in complaining to the union

regarding the employer's treatment of her employees. (Id.) Similarly, the letter response,

submitted by plaintiff on July 25, 2011 in opposition to the defendant's Motion to Dismiss,

contains some additional factual information, but largely reaffirms the claims in the earlier letter.

Again, there is no mention of age discrimination in the July 25, 2011 letter. Defendant contends

in its reply letter dated August 8, 2011 that plaintiff thus "fails to state a claim under the ADEA."

(Def.'s 8/8/11 Letter at 1). Moreover, defendant asserts that the basis for plaintiff's

14

discrimination claims is "his union involvement," in which case the National Labor Relations Board ("NLRB") would have "exclusive jurisdiction." (Id. at 2).

While it appears from the decision of the New York State Division of Human Rights that plaintiff's complaint before the Division raised claims of discrimination based on age, nothing in the papers filed by plaintiff before this Court contain any factual allegations that would even hint at age discrimination. There are no allegations that would provide the Court with information as to the ages of the other employees, no detail manifesting any form of age-related animus, such as discriminatory statements or prior discriminatory actions, and nothing from which a connection could be drawn between the decision to terminate Mr. Spataro and his age. If anything, Mr. Spataro has alleged a connection between his union activities and his termination and treatment by his employer. While the Court does not express an opinion as to whether this might state a claim relating to his union activities, the Complaint fails to allege any facts upon which one could infer age discrimination.

Accordingly, the Court respectfully recommends that the Complaint be dismissed in its entirety.

C. Proper Parties

Defendant also seeks to dismiss the Complaint on the grounds that plaintiff has named the wrong party defendant. (Def.'s Mem. at 13-15). Often when courts dismiss a complaint for insufficient factual allegations or lack of specificity in the pleadings, the plaintiff is given an opportunity to amend his complaint. Fed. R. Civ. P. 15(a)(2). Rule 15(a) states that "[t]he court should freely give leave when justice so requires," id., and the Rule has been liberally construed.

15

—

See Foman v. Davis, 371 U.S. 178, 182 (1962). As the court in Chapman v. YMCA of Greater
Buffalo noted, "[t]he stated purpose of Rule 15 is to allow a party to correct an error that might
otherwise prevent the court from hearing the merits of the claim." 161 F.R.D. 21, 24 (W.D.N.Y.
1995). In this case, discovery has not yet begun, and defendant has not answered plaintiff's
complaints, so any delay resulting from an amended pleading would not cause defendant any
prejudice.

However, while plaintiff has not requested an opportunity to amend his Complaint, the
Court notes that defendant has also argued that the current Complaint names the wrong party
defendant and therefore, should plaintiff seek to amend the Complaint, defendant would oppose
any amended Complaint that continues to name Glenwood as defendant. Specifically, defendant
asserts that plaintiff's actual employer was Ferguson Hauling Corporation, and that plaintiff was
never employed by Glenwood. (Cincotta Aff. ¶¶ 7, 10-11). Although Mr. Spataro may have
delivered goods for Glenwood, he was paid by and worked solely for Ferguson. (Id. ¶¶ 5, 11, Ex.
C). Indeed, in the Division's Determination and Order After Investigation, dismissing plaintiff's
NYSHRL complaint, the Division acknowledged that plaintiff was an employee of Ferguson, and
plaintiff signed the Stipulation of Settlement, conceding that he was employed by Ferguson. (Id.
¶¶ 13-17, Ex. D).

While the Court does not need to reach the issue as to whether Glenwood was plaintiff's
employer, the Court notes that even if Glenwood was a proper party, plaintiff could not proceed
against Glenwood under the ADEA because he has not exhausted his administrative remedies
with respect to Glenwood. Under the ADEA, a plaintiff may bring suit in federal court only after

he has filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter. See Mehrhoff v. William Floyd Union Free Sch. Dist., 2005 WL 2077292, at *8; Cabrera v. New York City, No. 04 CV 2688, 2004 WL 2053224, at *4 (S.D.N.Y. Sept. 13, 2004).

Therefore, should plaintiff request an opportunity to amend his Complaint, the Court respectfully recommends that plaintiff be required to demonstrate that he has satisfied the pre-requisites for bringing a federal discrimination claim against Glenwood.

D.  Claims Under the NYSHRL

In the defendant's Memorandum of Law, Glenwood also moves to dismiss plaintiff's claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, et seq., arguing that this Court lacks jurisdiction over the NYSHRL claim because by filing a complaint with the New York State Division of Human Rights (the "Division"), which was dismissed on the merits, plaintiff has elected his remedies and is therefore precluded from pursuing the same claims in this Court. See Mehrhoff v. William Floyd Union Free Sch. Dist., No. 04 CV 3850, 2005 WL 2077292, at *10 (E.D.N.Y. Aug. 22, 2005) (holding "[w]here 'a litigant brings a discrimination complaint before the NYSDHR, she may not bring a subsequent judicial action based on the same incident'"); see also York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir. 2002); Angrisani v. LIRR, No. 01 CV 8453SJFMDG, 2005 WL 1311798 (E.D.N.Y. 2005) (collecting cases).

Based on a review of the Complaint filed in this case, it does not appear that plaintiff has explicitly filed a claim against Glenwood under the NYSHRL. However, since the complaint

17

brought before the Division was against Ferguson Hauling Corp. and not against Glenwood, any claim that plaintiff might bring against Glenwood would not be precluded under these authorities.  At this time, given the paucity of factual information in the Complaint relating to age discrimination, the Court finds that plaintiff has not satisfied the pleading requirements to bring a discrimination claim under any statute, and therefore the Court has not addressed this argument in depth.

CONCLUSION

Accordingly, having reviewed the parties' respective submissions, the Court respectfully recommends that defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted in its entirety.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
     September 12, 2011

Cheryl L. Pollak
United States Magistrate Judge

18